IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| XAVIER MCGAULEY, | : |
| Petitioner, | : |
| VS. | : |
| | : NO. 5:18-CV-00173-MTT-MSH |
| WARDEN MURRAY TATUM, | : |
| Respondent. | : |

## ORDER

*Pro se* Petitioner Xavier McGauley has filed a document that was construed as a petition for writ of habeas corpus (ECF No. 1). On June 19, 2018, Petitioner was ordered to recast his Petition on the Court's standard form. Petitioner was also instructed to either pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis.* Petitioner was given twenty-one days from the date of the order to comply, and he was warned that failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his application for federal habeas relief. Order, June 19, 2018, ECF No. 3.

Petitioner subsequently filed a document with the Court that was docketed both as a response to the Court's June 19, 2018 Order and also as a motion to withdraw that petition. In that document, Petitioner stated that he "still seek[s] to pursue this but just not at this current time" as he is "still gathering critical information and other materials needed[.]" Mot. Withdraw Pet. 1, ECF No. 4. Petitioner also stated that he did not want his petition "to be disregarded" since he responded to the Court's previous order within the allotted twenty-one days. *Id.* Because it was unclear whether Petitioner intended to proceed with

this case, the Magistrate Judge ordered Petitioner to respond and either confirm his intent to dismiss his Petition or comply with the Court's previous orders by recasting his Petition and paying the filing fee or moving to proceed *in forma pauperis*. Petitioner was given an additional fourteen (14) days to comply, and he was again warned that the failure to fully and timely comply could result in the dismissal of his Petition. Order, Jul. 10, 2018, ECF No. 5.

The time for compliance passed without a response from Petitioner. Petitioner was thus ordered to respond and show cause why his Petition should not be dismissed for failure to comply with the Court's orders and instructions. Petitioner was given twenty-one (21) days to comply, and he was again warned that failure to fully and timely comply would result in dismissal of this case. Order, Sept. 6, 2018, ECF No. 6.

The time for compliance has again passed without a response from Petitioner. Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's petition shall therefore be **DISMISSED without prejudice**, and his pending motion (ECF No. 4) may be terminated as moot.

Petitioner also has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas

petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Petitioner is accordingly **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 18th day of October, 2018.

s/Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT JUDGE